**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VALARIA MOLINA,<br><br>        Petitioner,<br><br>  v.<br><br>ERIC H. HOLDER JR., Attorney General,<br><br>        Respondent. | No. 05-76512<br><br>Agency No. A070-109-044<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 4, 2010[**]
Pasadena, California

Before: WALLACE and GRABER, Circuit Judges, and MILLS,[***] Senior
      District Judge.

    Valaria Molina, a native and citizen of El Salvador, petitions for review of

the Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's ("IJ") decision denying her application for protection under

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Richard Mills, Senior United States District Judge for
the Central District of Illinois, sitting by designation.

the Convention Against Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review factual findings for substantial evidence, Zheng v. Ashcroft, 332 F.3d 1186, 1193 (9th Cir. 2003), and we deny in part and dismiss in part the petition for review.

Substantial evidence supports the IJ's denial of CAT relief.  Although Molina suffered an armed robbery and rape by suspected gang members in El Salvador, the IJ permissibly found that she did not establish a likelihood of torture by, at the instigation of, or with the consent or acquiescence of the El Salvadoran government.  See id. at 1194 (acquiescence requires "both actual knowledge and willful blindness" (internal quotation marks omitted)).

We lack jurisdiction to review Molina's contention that the IJ abused her discretion by failing to consider documents supporting Molina's CAT claim because Molina did not raise the issue in her brief to the BIA.   Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we reject Molina's contention that the BIA failed to consider the additional evidence that she submitted on appeal.  See Larita-Martinez v. INS, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (requiring alien to overcome presumption that BIA considered all the relevant evidence).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**